UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN ADOLFO PEREZ ARAGON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN ADELANTO DETENTION FACILITY, et al.,<br><br>Respondents. | No. 5:26-cv-01569-JDE<br><br>ORDER REGARDING PETITION |

On April 1, 2026, Christian Adolfo Perez Aragon ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his ongoing detention by immigration authorities without a bond hearing. Dkt. 1 ("Petition"). Petitioner's immigration proceedings are ongoing, and although he previously received a bond hearing, he claims the bond denial was "constitutionally deficient" and "rest[ed] entirely on a facially unreliable rap sheet entry." See id. at 4-5 (CM/ECF pagination). He seeks his immediate release subject to reasonable conditions of supervision, or alternatively, a new bond hearing before an immigration judge at which the

government bears the burden to show continued detention is justified and at which the decisionmaker has authority to order release on bond or conditions of supervision; an order enjoining Respondents from continuing to detain him "in violation of his constitutional rights"; and attorney fees and costs. Id. at 11.

On April 17, 2026, Respondents filed an Answer to the Petition, notifying the Court that they "are not presenting an opposition argument at this time" and "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." Dkt. 13. Although provided an opportunity to do so (Dkt. 10), Petitioner did not file a reply.

As noted, Petitioner seeks release on reasonable conditions of supervision or alternatively, a new bond hearing, and Respondents offer no opposition. Although it is not apparent that Petitioner would be entitled to habeas relief here, as Respondents do not oppose the alternative relief sought in the Petition, including a new bond hearing, the Court interprets the lack of opposition as an agreement by Respondents to reopen the prior denial of bond in the context of the ongoing removal proceedings, and as such, Respondents are ordered to comply with that agreement by providing Petitioner a new bond hearing before an immigration judge, with such hearing to take place within seven days of this Order at which the issue of release on bond/conditions will be revisited in accordance with the Due Process Clause, applicable statutory provisions, and agency regulations. With that directive, the Petition is dismissed as moot.

IT IS THEREFORE ORDERED that:

(1)     As Respondents have indicated no opposition to the alternative relief of a bond hearing, Respondents are directed to provide Petitioner a new individualized bond hearing before an

immigration judge that complies with governing law and due process within seven days of this Order.

(2)  Respondents shall release Petitioner from custody if Petitioner is not timely provided with the aforementioned bond hearing.

(3)  The other relief sought in the Petition is denied and the Petition is dismissed without prejudice.

IT IS SO ORDERED.

Dated: April 21, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge